We find no error in the judgment of the court below, and it will be affirmed.

AFFIRMED.

[Opinion delivered June 22, 1883.]

---

WM. WARHMUND ET AL. v. MERRITT & METCALF.

(Case No. 4405.)

1. SUBROGATION.— When one furnishes money with an agreement that it shall be used in discharging a debt due for the purchase of land, and it is so used, with an understanding that he who advanced it shall have the same remedies to recover his money thus loaned that the original vendor was entitled to for the enforcement of his demand, the lender is subrogated to the rights of the vendor of the land. A like subrogation occurs to the lien of an administrator for purchase money on land sold at administrator's sale, and in behalf of the holders of preferred claims against the estate, who released the estate and surrendered them, and by agreement among all parties took the notes of the purchaser of the land, to be secured by vendor's lien and deed of trust.

2. HOMESTEAD.— No homestead rights can be acquired in land as against one thus subrogated to the rights of the vendor for unpaid purchase money, nor can the widow of one in possession, claiming such homestead rights, claim that an allowance shall be made her from the land in proportion to the money actually paid, since the entire tract of land would be liable for what remained unpaid.

APPEAL from Tom Green. Tried below before the Hon. Allen Blacker.

This case originated in the county court of Tom Green county, and was an application, filed November 1, 1879, by appellants, to require the appellee, Merritt, as administrator of the estate of F. C. Taylor, deceased, to sell certain real estate, and apply the proceeds

to the payment of approved claims against the estate, owned by appellants. During the progress of the proceedings in the probate court, Fanny Metcalf, a minor, by her next friend, Charles Metcalf, intervened in the case and became a party to it, resisting the application of the appellants.

The county court decided in some respects adversely to the application of appellants, and in other respects decided in their favor; they appealed to the district court of Tom Green county, and there the case was again tried, with amended pleadings filed, and again decided in some things adversely to and in other things favorably to appellants, and from this last judgment of the district court they appealed.

*Hancock & West*, for appellants.

*John A. Green* and *Walton & Hill*, for appellees.

WILLIE, CHIEF JUSTICE.— It appears from the proof in this cause that the two hundred acres claimed as a homestead by the appellee, Fannie Metcalf, was part of a tract of six hundred and forty acres purchased by Taylor from James, the administrator of F. P. Sawyer, deceased. At what precise date this purchase was made is not shown, but it was confirmed by the proper county court on the 29th of May, 1878. The deed to Taylor was not made until the 22d of October thereafter; and contemporaneously with the making of this deed Taylor executed to William Wahrmund a deed of trust upon the same six hundred and forty acres of land to secure the payment of six promissory notes given by him to said William Wahrmund and the other appellants in this cause.

The recitals of the deed of trust show the purchase of the land by Taylor for $7,500 cash; the confirmation of the sale by the county court, and the fact that this entire purchase money was by order of the county court to be used in paying certain preferred claims held by the beneficiaries of the trust deed. They furthermore show an arrangement amongst all parties concerned to this effect: that these beneficiaries, preferred creditors as before stated, were to receipt to the administrator for the amount due on their claims, and that he was to receipt to Taylor for the purchase money of the land, and that Taylor was to execute his promissory notes to these creditors for the balance due them from Sawyer's estate, securing them by the vendor's lien and a deed of trust upon the six hundred and forty acres of land so purchased by Taylor from Sawyer's

estate. Sawyer's estate was thus paying a debt it owed appellants by transferring to them a debt it held against Taylor.

In pursuance of this arrangement Taylor executed to each of these creditors a note for the amount of money due him from Sawyer's estate, and secured the payment of these notes by a deed of trust on the six hundred and forty acres of land to Wm. Wahrmund, one of the creditors, for the benefit of himself and the others, and received a deed for the land from Sawyer's administrator. All these matters occurred on the same day, and were made with the consent of all parties interested, and were parts and parcels of the same transaction.

The question is: "Did the transaction amount to a subrogation of appellants to the lien held by Sawyer's administrator to secure the purchase money of the land?"

If it did, then neither Taylor in his life-time, nor Fannie Metcalf after his death, could claim any homestead rights in any part of the land as against the parties holding such lien upon it. For, although Taylor had lived upon the land and occupied it as a place of residence for himself and family for several years before the execution of these deeds, yet he had no title to the land; was merely a tenant of Sawyer's, and, of course, could have no homestead right in the land, and more especially against Sawyer, from whose estate he subsequently purchased.

It is clear that previous to the date of the execution of the several instruments before mentioned Taylor had not paid the purchase money. The order of court confirming the sale directed a deed to be made to him upon complying with the terms of sale, which was the payment of $7,500 in cash. The recitals in the deed of trust show that this money was not paid, but that an arrangement had been made to cancel it by Taylor's assuming debts that Sawyer's estate owed, the holders of these debts to have the same lien upon the land that Sawyer's estate possessed for the purchase money, to be evidenced by a deed of trust upon the same land.

The transaction may be considered either as a transfer to appellants by the administrator of the claim he had against the land growing out of Taylor's purchase, in consideration of their releasing the estate from all liability to them; or it may be regarded as if the appellants had furnished Taylor with the means of paying the purchase money of the land upon an agreement that they were to have the same remedies to recover the money thus provided that the original vendor possessed to enforce his demand.

So well is it established in our own state by frequent decisions that the effect of such a transaction is to subrogate the parties who have purchased the claim against the vendee, or have furnished him the means to pay the debt due the vendor, to all the rights and remedies and liens previously held by the latter to enforce his debt, that there will be no necessity to strengthen the principle by argument, but we merely refer to authorities to sustain it.   Hicks v. Morris, 57 Tex., 658; Dillon v. Kauffman & Runge, 58 Tex., 696; Joiner v. Perkins, decided at present term.

The lien held by the administrator of Sawyer was a vendor's lien to secure the purchase money (Wright v. Heffner, 57 Tex., 518), and this passed to appellants by force of the circumstances under which the transaction was made, as well as under the express agreement of the parties as stated in the deed of trust.

It is urged that the amount secured to the appellants in the deed of trust is less than the purchase money which Taylor was to pay for the land, and hence there can be no subrogation.   If the amount was greater there might be some question as to whether or not the excess was secured by the original lien, but the reduced sum is certainly thus secured, being less than the amount for which the lien was held upon the land.   The difference seemed to have been caused by payments previously made by Taylor to Sawyer's estate.   If so, it was nothing but proper that he should have credit for them, and the lien should not extend beyond the balance justly due by him to the estate.

But no matter what that amount was, if secured, as we have seen, by a lien on the six hundred and forty acres of land, it held the whole tract bound for its payment.   The homestead portion was as much subject as any other, for no homestead had been acquired as against the lien.   Dillon v. Kauffman & Runge, supra.   Nor was the appellee entitled to have a partition of the land so as to have an allowance set apart to him equivalent to the amount of money which Taylor had paid on the notes.   The balance of the claims unpaid was a lien upon the whole, as no part of it had been released in any manner whatever.

As to the presentation of the deed of trust to Taylor's administrator, it is sufficient to say that there is nothing in this record which shows that it was not properly presented or brought to the knowledge of the county court so as to have the debts secured by it properly classified.   No objection of that character was urged against the deed of trust, either in the county or district court; and in fact no defense of any character was set up by Taylor's

administrator, but the contract was made by Miss Metcalf alone as to the two hundred acres of land claimed to be a homestead. She did not claim that the deed of trust was not properly presented, but that this particular portion of the land was not subject to it.

The application of appellants alleged that their claims had been properly presented and allowed; and the finding of the court was that the claims had been properly probated, and were in effect a lien on the six hundred and forty acres, less the two hundred acres to which title was set up by Miss Metcalf, exempted because of their homestead character. From this finding there is no appeal or objections filed in this court by the appellees.

The affidavit upon which the claims were allowed is not contained in the record, but it is merely stated they were allowed and approved by the administrator and the county judge. As no objection was made below to their taking rank as secured claims, on this account, we must presume that the affidavit contained everything necessary to their proper classification. Besides it has been intimated by this court in the case of Danzey v. Swinney, 7 Tex., 617, that the law only requires that the claim be allowed and approved, except when the evidence of it is contained in the mortgage or deed of trust alone.

We think that the record shows the notes and the deed of trust sufficiently established; that they were secured by a lien upon the entire six hundred and forty acres, existing long previous to the date when Taylor acquired any homestead right in the land, and that the appellants were subrogated to all the liens held by Sawyer's administrator to secure the payment of the money for which the land was bought by Taylor.

The court below therefore erred in setting apart any portion of it to Fannie Metcalf as a homestead, free of such lien. For this error the judgment must be reversed, and reformed so as to decree that the entire six hundred and forty acres of land be declared subject to such lien, and ordered sold for its satisfaction.

This decision to be certified to the district court of Tom Green county, with directions to reverse the judgment of the county court of that county, and to order it to enter up a decree in accordance with this opinion.

REVERSED AND REMANDED.

[Opinion delivered June 15, 1883.]

Associate Justice WEST did not sit in this case.