JOHN M. BONNER MEMORIAL HOME v. COLLIN COUNTY NATIONAL BANK ET AL.

Decided October 30, 1909.

**1.—Vendor and Vendee—Rescission—Equitable Rights of Third Parties.**

A vendor who has conveyed land by a deed, retaining a lien to secure the purchase money, can not take a reconveyance of a part of the land from the vendee in part payment of the purchase money, and subsequently convey the part so reconveyed to him to a third person, to the prejudice of one who had acquired an equitable interest in the land at the time of such reconveyance, which fact was known to the parties at the time. A partial rescission of an entire contract can not be made to the prejudice of innocent third parties; there must be a total rescission or none at all.

**2.—Same—Subrogation.**

Where a person lends money to a purchaser of land upon an agreement and understanding between them that the money should be applied on the vendor's lien notes owing by the purchaser for said land, the lender will be subrogated pro tanto to rights of the vendor, the owner of said notes; and this, though the money was in fact applied by the vendor, contrary to the instructions of the vendee, to other indebtedness of the vendee to the vendor.

**3.—Agency—Evidence.**

When it appeared that a person to whom money was sent with instructions to apply it upon certain notes then in his possession was the attorney in fact of the payee in the notes, the evidence was sufficient to support a finding that such person was authorized to receive the money and apply it as directed.

**4.—Vendor and Vendee—Subsequent Lien Holders and Purchasers—Equities.**

Tracts of land conveyed by a vendee during the existence of a vendor's lien on the same should be subjected to the satisfaction of the lien in the inverse order of the conveyances. Decree affirmed in a case involving the adverse rights and equities of a vendor and vendee and subsequent vendees and lien holders under a partial rescission of the sale by the original vendor and vendee.

Appeal from the District Court of Collin County. Tried below before Hon. B. L. Jones.

*Doggett & Clifton* and *N. A. Rector,* for appellant.—Mrs. Dwyer, the original vendor, owner and holder of all of the vendor's lien notes executed by Jno. R. Smith for the purchase money for the said 200 acres of land, had a legal right to accept in payment of said notes a

reconveyance by said Smith to her of the 94.85 acres of land, a part of the original 200-acre tract, said notes being secured by the vendor's lien on all of said land, and which were at the date of said reconveyance canceled and delivered to him.    Pierce v. Moreman, 84 Texas, 596; Foster v. Powers, 64 Texas, 247.

The original vendor of land holding the purchase-money notes given therefor is the owner of the land until said notes are paid, and in satisfaction of said notes may accept from the vendee a reconveyance of the land or any part thereof without reference to any subsequent contract lien the vendee may have given on said land, and the only right that any subsequent contract lienholder has is within a reasonable time to pay to the vendor the purchase money due thereon and redeem the land from such sale or foreclosure.    Stone Land & Cattle Co. v. Boon, 73 Texas, 548.

*J. R. Gough, Abernathy, Abernathy & Abernathy,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Collin County by appellee, the Collin County National Bank of McKinney, against Jno. R. Smith and E. L. Gladney, administrator with the will annexed of the estate of Lelia E. Dwyer, deceased, and later, by an amended petition filed August 19, 1907, the John M. Bonner Memorial Home was made defendant.    The amended petition alleged that John R. Smith, on December 31, 1901, executed to the plaintiff bank his promissory note for the sum of two thousand three hundred eighty-two and 41/100 dollars ($2,382.41), payable to defendant's order sixty days after date, with ten percent interest per annum from maturity, and providing for the usual ten percent attorney's fees.    It was also alleged that on December 26, 1901, the said Smith, for the purpose of securing the payment of said note, executed in favor of said bank a deed of trust, creating a lien upon a certain described portion of the Abner Lee survey situated in Collin County, Texas.    The petition further alleged that on or about December 23, 1886, said John R. Smith purchased from Lelia E. Bonner and William B. Bonner 200 acres of land in the Abner Lee survey in Collin County, Texas, and for the purchase money thereof executed his four notes each for $625, due on the first day of January, 1888, 1889, 1890 and 1891, respectively; and that the land described in the deed of trust was a portion of said 200-acre tract; that at the date of the execution of said deed of trust a portion of said original purchase-money notes had been paid, the amount so paid and the amount remaining due thereon at the time plaintiff was unable to state.    Said petition further alleged that said note sued on and said deed of trust mentioned were executed for the purpose of raising money to pay upon said original indebtedness, and with the understanding that the same should be so paid, and that said money was paid upon said indebtedness; that the money received from the bank, having been used to pay on said indebtedness, the plaintiff bank thereby became subrogated to all of the rights, privileges and benefits of the vendors in said deed and the holders of said notes.    Plaintiff further plead that by virtue of the facts stated it had a vendor's lien upon the land mentioned in the

deed of trust, which it prayed might be established against the land mentioned and for order of sale, etc. The marriage of Lelia E. Bonner, one of the grantors in the deed, to one Dwyer was alleged, and it was further stated that on June 22, 1905, she departed this life testate; and that defendant E. L. Gladney had qualified as her administrator with the will annexed, and that as such administrator he has sold the land described in plaintiff's petition to the defendant, the John M. Bonner Memorial Home. The petition further sued for rents in the sum of $1,600, and prayed that this amount be offset against any amount defendants might recover on the purchase-money notes.

The John M. Bonner Memorial Home answered by general demurrer and special exceptions, and general denial and special answers. The demurrers were overruled, and, as no assignments of error are predicated on the court's action in this respect, they need not be further mentioned. The special answers alleged the sale of 200 acres of land by Lelia E. Bonner and William B. Bonner, by their said attorney, John M. Bonner, on the 23d day of December, 1886, to John R. Smith, and the execution of the four purchase-money notes, each for the sum of $625, of said date, each payable to Lelia E. Bonner or order, with twelve percent interest per annum, due on the dates mentioned in plaintiff's petition, and each providing for ten percent attorney's fees, and further alleged that the vendor's lien was specially retained in said deed on the land therein conveyed until said notes were fully paid off and discharged according to tenor and effect; that the first note, due January 1, 1888, was paid off by said Smith, and that on or about the 26th day of October, 1901, said Smith had, by endorsement on the back of the remaining notes, acknowledged his indebtedness and liability thereon, and promised to pay the same on or about January 1, 1902. Each note being endorsed "interest paid to January 1, 1902." That there was on the back of each of said notes a further endorsement, as follows: "Farmersville, Texas, August 30th. This note is canceled by re-conveyance of 94.85 acres out of the 200 acres of land in the Abner Lee survey in Collin County, Texas, on which this note is a lien for the original purchase money. Lelia Bonner Dwyer." The answer further alleged that on August 20, 1904, said John R. Smith, being unable to pay the above-described three notes, on that date amounting to the sum of $5,691.50, executed and delivered to Mrs. Lelia Dwyer, the owner and holder of said three notes, a deed conveying to her 94.85 acres of land, a part of the 200 acres originally conveyed by her and another to said Smith, which reconveyance was made in full satisfaction of the said sum of $5,691.50 then due upon the three remaining purchase-money notes given for said original tract of 200 acres of land, the field notes of which 94.85-acre tract are set out in said answer. Said answer further alleged that at the date of the reconveyance from said Smith to said Dwyer of 94.85 acres of land, that said tract of land so conveyed was of no greater value than the sum of $5,691.50, the amount due on said notes, and was, in fact, of less value, and that the said Mrs. Dwyer received from said Smith said re-conveyance in good faith, without actual knowledge of any claim or lien by plaintiff upon said land, and that said conveyance was received by her solely in satisfaction of her

purchase-money notes. There were other pleadings by both parties, but it is unnecessary to set them out at this time. The defendant, John R. Smith, failed to answer, and a default judgment was rendered against him.

The cause was submitted to the court without a jury and a judgment was entered in favor of the plaintiff against John R. Smith for $3,413.80, and foreclosure of its lien was decreed on the land mentioned in plaintiff's petition, as against both defendants, John R. Smith and the John M. Bonner Memorial Home. Judgment was also entered in favor of the John M. Bonner Memorial Home against said Smith for $5,489.25. The court adjudged a prior lien in favor of the John M. Bonner Memorial Home against said premises for only $1,875.45, and gave the plaintiff bank a second lien for the full amount of its entire debt, and gave the Bonner Memorial Home a second lien for the balance of its debt. E. L. Gladney, administrator, having filed his disclaimer, was dismissed from the suit. The John M. Bonner Memorial Home filed a motion for new trial, in which all of the errors assigned in this record were presented to the court, and which motion was overruled and defendant excepted and gave notice of appeal to this court, and having perfected its appeal, has assigned error.

The first assignment of error reads as follows: "Mrs. Dwyer, the original vendor to whom the purchase-money notes were executed by Smith, and in which deed and notes the vendor's lien was retained, had the right to rescind in whole or in part and to accept in payment of the remaining purchase money due, a re-conveyance by Smith of all or any part of the land originally conveyed, and the court erred in not so holding." Under this assignment the proposition is urged that Mrs. Dwyer, the original vendor, owner and holder of all the vendor's lien notes executed by John R. Smith for the purchase money for the said 200 acres of land, had a legal right to accept in payment of said notes a re-conveyance by said Smith to her of the 94.85 acres of land, a part of the original 200-acre tract, said notes being secured by the vendor's lien on all of said land, and which were at the date of said re-conveyance canceled and delivered to him.

On December 23, 1886, Lelia Bonner and William B. Bonner, by their agent and attorney in fact, John M. Bonner, conveyed by their deed of that date to John R. Smith 200 acres of land in the Abner Lee survey in Collin County, Texas. The consideration for said conveyance was $2,500, for which the said John R. Smith executed his four certain promissory notes of even date with said conveyance for $625 each, due respectively January 1, 1888, January 1, 1889, January 1, 1890, and January 1, 1891. To secure the payment of said notes a vendor's lien was retained in the deed of conveyance and acknowledged in each of said notes. On or about the 26th day of October, 1901, the defendant John R. Smith and Lelia E. Dwyer (*nee* Bonner), who was the holder of said three unpaid purchase-money notes, had a settlement. By the terms of said settlement John R. Smith acknowledged that he was due upon each of said notes the sum of $1,500, aggregating the sum of $4,500. At the time of settlement John R. Smith renewed each of said notes by an endorsement on the back thereof, and it was

also stipulated that from said date the notes were to draw interest at the rate of six percent per annum. The renewal of the said notes was not recorded and plaintiff had no notice thereof, either actual or constructive. On December 26, 1901, defendant John R. Smith executed to plaintiff the note and deed of trust declared upon herein.. Said deed of trust, though calling for 100 acres of land, actually included in the description therein about 106 acres, taken off of the south side of the 200 acres conveyed to John R. Smith by Lelia E. and William B. Bonner. It included about 84.25 acres of the land in controversy herein. This deed of trust was duly filed for record on the 7th day of January, 1902, and recorded on the 28th day of January, 1902.

After the execution of the deed of trust to plaintiff the said John R. Smith sold out of said 200-acre tract land as follows: To W. G. Lee, January 15, 1902, 34.35 acres for $1,500; to J. H. Hutchins on December 19, 1902, 21.95 acres for $768.25; to W. R. Hamilton on September 9, 1902, 3 acres for $180; to W. R. Hamilton on April 29, 1904, about 1½ acres for $90; to C. C. Tatum on December 22, 1904, about 14.46 acres which was included in the field notes of a much larger tract of land and the consideration can not be determined. At the time of the execution of the deed of trust to plaintiff, defendant John R. Smith owned of the 200-acre tract and on which was a vendor's lien to secure the payment of the three purchase-money notes, exclusive of the land contained in said deed of trust and conveyed by it to plaintiff, land which on the 20th day of October, 1904, was of the value of $3,631.80, and also a tract of 10.60 acres of the said 200-acre tract which the said Smith had on hand and on said date reconveyed to the said Mrs. L. E. Dwyer in cancellation of the purchase-money notes, but not included in plaintiff's deed of trust. On October 26, 1901, John R. Smith conveyed to Mrs. L. E. Dwyer 94.85 acres of land out of the said 200-acre tract in cancellation and settlement of the three original purchase-money notes. This conveyance included 84.25 acres of the land covered by plaintiff's said deed of trust and the 10.60-acre tract of land mentioned above. Prior to this conveyance the said Mrs. Dwyer had both actual and constructive notice of plaintiff's rights under its said deed of trust. The money borrowed from the bank was borrowed to pay on the purchase-money notes given by Smith in payment of the 200 acres of land and on which they were a lien. The said Smith at the time he borrowed the money declared such to be his purpose to those from whom he obtained the loan and to whom he gave the deed of trust. The said Smith sent the money thus obtained to the authorized agent of Mrs. Lelia E. Dwyer at New Orleans with instructions to said agent for the money to be so applied, but contrary to said instructions the said agent applied the money to an unsecured debt due by him to the Bonners and Mrs. Dwyer. The land in controversy was at the time of the execution of plaintiff's deed of trust the homestead of the said John R. Smith.

The particular question raised by the first assignment and the proposition presented thereunder is, Can a vendor who has conveyed land by a deed, retaining a lien to secure the purchase money, take a reconveyance of a part of the land from the vendee in part payment of the purchase money, and subsequently convey the part reconveyed to

him to a third person to the prejudice of one who had acquired an equitable interest in the land at the time of such reconveyance, which was known to the parties at the time? This question is answered in the negative in the opinion of Burson v. Blackley, 67 Texas, 5, where it is held that there can be no partial rescission of an entire contract to the prejudice of innocent third parties. There must be a total rescission or none at all. The reconveyance of the 94.85 acres to Mrs. Dwyer by John R. Smith and wife was an attempt at a partial rescission of an entire contract after plaintiff's right had intervened. Mrs. Dwyer having permitted 90.23 acres of the 200 acres to be sold off without attempting to enforce her lien against the same can not now elect to rescind the contract as to the 94.85 acres after plaintiff's rights had been fixed by the recording of its deed of trust, nor can the John M. Bonner Memorial Home so elect to rescind a part only of the entire contract.

Under the facts of this case the result would be the same had there been an entire rescission of the contract by Mrs. Dwyer and Smith. The testimony showed that the plaintiff bank lent the defendant Smith the money mentioned in the notes sued on, with the agreement and understanding between them that it should be applied on the vendor's lien notes held by Mrs. Dwyer, she and her agent having been instructed by John R. Smith to so apply the money borrowed from the plaintiff bank. Under these facts the bank became subrogated *pro tanto* to the rights of Mrs. Dwyer, the owner of the prior vendor's lien for which the money loaned by the bank was to go in part payment. Smith testified that, "I borrowed this money from the bank, and so stated at the time that it was for the purpose of paying on these debts to Mrs. Dwyer, and I sent it to Judge Bonner to be applied on the purchase-money notes for this 200 acres of land, but he applied it to another purpose." Again he says: "The money that I borrowed from the Collin County Bank for which I executed this deed of trust, I paid to John M. Bonner, agent and attorney in fact for Lelia E. and W. B. Bonner, and instructed him to credit same on the four $625 purchase-money notes, but contrary to said instructions he placed it as a credit on some rent notes he had." (Bank v. Ackerman, 70 Texas, 315; Wahrmund v. Merrit & Metcalf, 60 Texas, 24; Dillon v. Kauffman & Runge, 58 Texas, 705; Hicks v. Morris, 57 Texas, 660.)

But it is contended that it is not shown that John M. Bonner, to whom John R. Smith sent the money borrowed from the bank, was authorized to receive the same and apply it as a credit on the purchase-money notes held by Mrs. Dwyer. He was at the time the agent and attorney in fact of Mrs. Dwyer, and it seems had these notes in his possession. He was at the time of payment instructed by Smith to apply the money on these notes, but instead of doing so he applied it to other indebtedness which he held against Smith, for which it is not shown he had security. It is clear that the payor, Smith, had the right to have the payment applied to the original vendor's lien notes.

The court found that the land that should have been first subjected by Mrs. Dwyer to the payment of the said three purchase-money notes at the time she took a re-conveyance from the said John R. Smith in payment of said notes, was of the value of $3,631.80. The debt of

Mrs. Dwyer, in so far as the bank is concerned, amounted to $5,489.25, which was a lien on 190.23 acres of the land. The difference between these amounts, being $1,857.45, represents the amount that the said Mrs. Dwyer had the right to enforce as a first lien against the land in controversy. The plaintiff bank was given judgment against defendant John R. Smith for $3,413.80, with interest at the rate of ten percent per annum, together with a foreclosure of the lien given by its deed of trust on the land described in its petition, but said foreclosure is given on that portion of the land described in its deed of trust, represented by the 84.23 acres of land mentioned in the pleadings, subject to a prior lien in favor of defendant, the John M. Bonner Memorial Home for $1,857.45. This was correct.

The court properly rendered judgment that the land conveyed by John R. Smith, after the execution of the deed of trust and prior to the attempted rescission, should be subjected to the payment of said purchase-money notes in the reverse order of its alienation. (Miller v. Rogers, 49 Texas, 398.)

Finding no error in the record the judgment is affirmed.

*Affirmed.*