SAM LEVY v. W. C. PERSONS ET AL.

Decided October 22, 1910.

**1.—Vendor and Vendee—Rescission—Intervening Rights.**

A rescission of a contract for the sale of land by a vendor and vendee can not affect the rights of a third party who acquires from the vendee the equity of redemption before the rescission. This rule applies in favor of a creditor who by levy acquires a lien upon the interest of the vendee before the attempted rescission.

**2.—Equity of Redemption—Purchaser—Remedy.**

While the purchaser of the equity of redemption in land has not such title as would support an action of trespass to try title against the vendor, he has such equity as, under appropriate pleading accompanied by a tender of the

balance of the purchase money due, would entitle him to recover the superior title and the land.

### 3.—Appeal—Reversal—Practice.

Although a judgment rendered by a trial court may be technically proper under the pleadings, the judgment will be reversed and the cause remanded when it appears that the appellant has equities which entitle him to relief and which might be granted on another trial under appropriate pleadings.

Error from the District Court of Freestone County. Tried below before Hon. B. H. Daviss.

*D. T. Garth, Jno. C. Miller* and *Geo. L. McGown,* for plaintiff in error. —The court erred in rendering judgment for defendant, W. C. Persons, for the lot and premises in controversy because the plaintiff showed title from and under the agreed common source of title, and the defendant, W. C. Persons, failed to prove the payment of a valuable consideration or any consideration with value so as to make him a legal *bona fide* purchaser. Bremer v. Case, 60 Texas, 151; Turner v. Cochran, 61 S. W., 924; Moody v. Ogden, 72 S. W., 253; McAdoo v. Williams, 118 S. W., 625; McDonald v. Miller, 90 Texas, 309; Huffman v. Mulkey, 78 Texas, 556; Evans v. Ash, 108 S. W., 401; Low v. Gray, 130 S. W., 270.

Before Persons could hold or recover the land by any superior right as a vendor against a third party who held under the vendee (Hunter) it would be incumbent on him to show a right to rescind, which, in such a case, could not be proved unless it was shown that the purchase money notes were due and unpaid; to show this, recitals in a deed from the vendee (Hunter) back to the vendor (Persons) is insufficient after a third party had become the owner of the vendee's rights. Huffman v. Mulkey, 78 Texas, 556; McDonald v. Miller, 90 Texas, 309; Robinson v. Thompson, 52 S. W., 119; Kauffman v. Brown, 18 S. W., 427.

An attachment lien established by a judgment and order foreclosing same, and a prior execution lien on the property, is not affected by the judgment debtor thereafter making a deed to his vendor, because the attachment lien, judgment foreclosing same, and deed under order of sale passes the equity of redemption and right of possession to the purchaser at sheriff's sale under order of sale, and a subsequent deed is a nullity. Davis v. Jno. V. Farwell & Co., 49 S. W., 656; Willis v. Pounds, 25 S. W., 715; Thompson v. Shackerford, 24 S. W., 980; Tobar v. Losano, 25 S. W., 973; McDonald v. Miller, 39 S. W., 89-93 and 94.

A purchaser at an attachment sale, under order of sale by virtue of the foreclosure of the attachment lien, takes the superior title to the lot as against the vendee of the attaching debtor, whose deed was executed several days before the sheriff's sale, but long after the attachment lien. Willis v. Pounds, 25 S. W., 715; McDonald v. Miller, 39 S. W., 93; Thompson v. Shackerford, 24 S. W., 980; Davis v. Jno. V. Farwell & Co., 49 S. W., 656.

A vendor who has conveyed land by a deed, retaining a lien to secure the purchase money, can not take a reconveyance of a part of the land

from the vendee in part payment of the purchase price, to the prejudice to one who has acquired an equitable interest in the land at the time of such reconveyance which the parties had constructive knowledge of. John M. Bonner Memorial Home v. Collin Co. Nat. Bank, 122 S. W., 430; Vansickle v. Watson, 123 S. W., 112; Nass v. Shadwick, 7 S. W., 828; Burson v. Blackley, 69 Texas, 11; Ogburn Lumber Co. v. Taylor, 126 S. W., 52.

No brief for defendant in error.

RAINEY, CHIEF JUSTICE.—This is an action of trespass to try title brought by plaintiff in error against the defendants in error to recover lot 2 in block 59, in the city of Teague, Freestone County. Graham, one of the defendants in error, disclaimed any interest in the lot and judgment was entered in his favor, which left the controversy between Levy and Persons. On the trial of the issues between them Persons recovered a judgment, and Levy brings the case here on writ of error.

The facts in the case seem to be practically undisputed, which we will recite in order to a clear understanding of the issues involved: In 1907, W. C. Persons deeded to one, Hunter, lots 1 and 2 in block 59 (lot 2 being the one here in controversy), in consideration, as recited in the deed, of $300 in cash and two notes, each for $450 and interest, payable respectively in one and two years, and a lien was reserved to secure payment of said notes.

In October, 1908, Casey, Swasy Company sued the said Hunter, causing an attachment to issue which was levied on lot 2, and the attachment duly recorded in November, 1908, and judgment was rendered in said suit for the amount of the claim and for the foreclosure of the attachment. An order of sale was issued, and on February 2, 1909, said lot No. 2 was sold under the same, and plaintiff in error bid in the same and a deed was duly executed to him.

On January 26, 1909, Hunter executed a deed to plaintiff in error conveying said lot No. 2, said deed reciting the consideration to be the cancellation of the two purchase money notes for $450 each above mentioned, said "Hunter being unable to pay the same otherwise." These recitations were the only evidence tending to show rescission of the sale of the lot by Persons to Hunter.

Under the facts W. C. Persons held the superior title to the lots subject to the payment of the purchase money notes recited in his deeds to Hunter, but it is the settled law of this State that a rescission of contract for the sale of land between the vendor and vendee will not affect the rights of a third party who acquires the equity of redemption before the rescission. Huffman v. Mulkey, 78 Texas, 556; Bonner Mem. Home v. Collin Co. Bank, 57 Texas Civ. App., 313 (122 S. W., 430).

The levy of the writ of attachment on lot No. 2 issued in the case of Casey, Swasy & Company v. Hunter, the judgment of foreclosure therein, and the sale thereunder vested in Levy the equity of redemption in the

property held by Hunter, and the attempted rescission by Persons after the levy of said attachment did not affect the right of Levy to redeem the land; but the right to redeem did not authorize Levy to recover the title from Persons without tendering the amount of purchase money owing him, if any.

In the case of McDonald v. Miller, 90 Texas, 309, where the facts are somewhat similar, Chief Justice Gaines in a lucid opinion discusses the rights of parties, and his discussion is applicable to the facts of this case.

While under the pleadings of this case, strictly an action of trespass to try title, the court could not have legally rendered any other judgment, still we are of the opinion that the evidence shows such equities that have not been adjudicated as require that this judgment should be reversed. Levy, holding the equity of redemption as to lot 2, with appropriate pleadings, would be entitled to recover the title upon tender of the purchase money owing for lot 2, which would be its proportion of the amount due on lots 1 and 2.

The judgment is, therefore, reversed and the cause remanded, costs to be taxed against appellant.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.