GALLES & BOWIE v. ALARCON.

(Court of Civil Appeals of Texas. San Antonio. March 13, 1912.)

1. TRIAL (§ 191*)—INSTRUCTIONS—REQUESTS —ASSUMED FACTS.

A requested charge, which assumed as a fact matters in issue, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

2. TRIAL (§ 252*)—ACTIONS FOR BREACH—INSTRUCTIONS—APPLICABILITY TO EVIDENCE.

In an action by insurance agents for damages for refusal to accept and pay for a $10,000 policy, upon an application for a $12,000 policy, accepted by the company for $10,000, with applicant's consent, the court instructed that if defendant applied for a life policy and agreed to pay a cash premium of a certain sum when plaintiffs procured it for him, and plaintiffs did procure the policy and paid the company their premium, plaintiffs could recover the amount of such premium, provided defendant consented and agreed to the issuance of a policy for a less amount than that applied for, and ratified the issuance of said policy for the amount stated therein. Plaintiffs testified that defendant said he wanted a policy for $12,000, but would take one for $10,000, on which amount premium was paid by plaintiffs, if the company would not issue one for the larger amount, all of which defendant denied. *Held*, that the instruction was erroneous for requiring a finding that defendant ratified the issuance of the $10,000 policy, in addition to a finding that he agreed to its issuance in the first instance, in order to authorize a recovery, when plaintiff was entitled to recover if defendant originally agreed to take a policy in that amount.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

3. SUBROGATION (§ 23*)—PAYMENT OF ANOTHER'S DEBT—INSURANCE PREMIUMS.

An insurance agent who undertakes to procure a policy for an applicant, who agrees to pay the premium when the policy is issued, is entitled to be subrogated to the company's right to recover the premium upon himself paying the company the premium.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 60–66; Dec. Dig. § 23.*]

Appeal from El Paso County Court; Albert S. Eylar, Judge.

Action by Galles & Bowie against P. T. Alarcon. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Robt. L. Holliday, for appellant. S. P. Weisiger, for appellee.

JAMES, C. J. The action was by appellants, who alleged they were agents for the Occidental Life Insurance Company; that about August 4, 1909, Alarcon applied to said company for a policy for $12,000, which application was by the company accepted, with the consent of defendant, for the sum of $10,000, appellee agreeing to pay the year's premium thereon, which amounted to $318.30, when the policy was returned to said agents, and relying on said promise appellants paid the premuim to the company and the commission to the soliciting agents; that plaintiffs notified defendant that the policy was in their hands, and he refused and continues to refuse to pay same, to plaintiffs' damage. Defendant answered by general demurrer, denial, and specially that if plaintiffs did in fact pay said premium to the company that it was their voluntary act and unauthorized by defendant, and same was wholly without consideration. There was a verdict for the defendant.

The first assignment of error, which is that the court erred in refusing to give a peremptory instruction for plaintiffs, is overruled.

[1] The second assignment is also overruled; the charge requested being properly refused, because it assumed as facts matters which were in issue under the evidence.

[2] The third assignment complains of this part of the general charge to the jury: "Provided you believe from the evidence that the defendant consented and agreed to the issuance of the policy for a less amount than that applied for, and ratified the issuance of said policy for the amount stated therein." The paragraph in which the above appears is as follows: "You are instructed that if you believe from a preponderance of the evidence that the defendant herein made application to the Occidental Insurance Company for a policy upon his life, and you further believe from a preponderance of the evidence that the defendant agreed to pay a cash premium of $318.30 upon a certain life insurance policy whenever the plaintiffs should procure the same for him, and if you further believe from the evidence that the plaintiffs, in pursuance of this agreement, did procure said policy for the defendant and paid the company the premium thereon, then you are instructed to return a verdict for the plaintiffs for the sum of $318.30 and costs of suit, provided you believe from the evidence that the defendant consented and agreed to the issuance of a policy for a less amount than that applied for, and ratified the issuance of the said policy for the amount stated therein." There was evidence given by plaintiff Bowie that defendant said he wanted a policy for $12,000, but if the company would not issue one for that amount then they could issue one for $10,000. Defendant denied that he ever consented to the issuance of a policy for less than that applied for by him. This raised an issue which, if resolved in favor of plaintiffs, entitled them to judgment. In addition to this, there was testimony tending to show a ratification by defendant. The court recognized in the charge the two issues, and the charge contained a definition of ratification, which tended to emphasize the importance of the issue. Of course, independently of any ratification, plaintiffs were entitled to recover, if defendant originally agreed to the issuance of the policy as it was issued. It will therefore be seen that the charge did not authorize a verdict for the plaintiffs, unless the jury found not only that defendant consented and agreed, in the first instance, to the issuance of a policy for a less amount than that he applied for, but that he also ratified the issuance thereof. For this reason the judgment should be reversed.

[3] The court, in its charge, assumed the law to be that if a person applies to an insurance agent for a policy, agreeing to pay the premium when the policy comes, and the agent procures the policy and pays the com-

pany the premium, the agent is entitled, by subrogation, to recover from the insured the amount so paid. This view was correct. The testimony of Bowie was: "The company charges us with all policies sent us for delivery, and credits us with commissions and remittances. We paid the company for this premium along with others which had been charged to us, relying on defendant's promise to pay for same in cash when returned." 4 Joyce on Insurance, § 3580.

Reversed and remanded.