**FIRST STATE BANK OF WYLIE v. FARM-ERS' & MERCHANTS' NAT. BANK OF FARMERSVILLE. (No. 9103.)**

(Court of Civil Appeals of Texas. Dallas. April 19, 1924. Rehearing Denied May 17, 1924.)

**1. Appeal and error ⬅770(1)—Cause on appeal will be considered on appellee's brief, where appellant fails to file one.**

Where appellant excepted, gave notice of and perfected an appeal, but failed to file brief, court, under court rule No 39, will consider cause on brief as filed by appellee.

**2. Subrogation ⬅23(2), 36—Bank furnishing money to prevent foreclosure held subrogated, under agreement therefor, to rights of judgment creditor.**

Bank which advanced money to a judgment debtor to prevent sale of lands under a decree of foreclosure, with a distinct understanding that it should be subrogated to lien and claim of judgment creditor under trust deed and decree of foreclosure, *held* subrogated to lien of judgment creditor, and entitled to foreclosure as against purchaser of an attachment lien with notice of its lien.

**3. Subrogation ⬅1—What constitutes.**

"Subrogation" is procedure by which equitable rights of one person are worked out through legal rights of another, and exists by operation of law, when one having a liability or owning an interest, or occupying a fiduciary relation, pays debt of another so as to be entitled, in equity, to security held by creditor whose claim has been paid.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Subrogation.]

**4. Subrogation ⬅23(2)—Equity will substitute person paying debt of another to place of original creditor under agreement that prior lien shall be kept alive for his benefit.**

Where one pays debt of another as a result of an agreement, express or implied, that the prior lien be kept alive for his benefit, equity will substitute person so paying to place of original creditor to enable him to enforce the security for his reimbursement.

Appeal from District Court, Collin County; F. E. Wilcox, Judge.

Action by the Farmers' & Merchants' National Bank of Farmersville against the First State Bank of Wylie and another. Judgment for plaintiff, and named defendant appeals. Affirmed.

R. L. Stennis, of Dallas, for appellant.

Merritt, Leddy & Merritt, of Dallas, for appellee.

LOONEY, J. The appellee, Farmers' & Merchants' National Bank of Farmersville, Tex., filed this suit in the district court of Collin county against R. L. Brown and appellant, First State Bank of Wylie, on a note ex-ecuted by Brown, and to foreclose a lien on certain lands as to both defendants. The cause was tried without the intervention of a jury, and judgment was rendered in favor of appellee against Brown for $7,144.-63, with foreclosure of the lien claimed to exist by subrogation on the lands as against both defendants, and an additional personal judgment was rendered in favor of appellee against Brown for $3,173.09.

[1] The appellant excepted, gave notice of and has perfected appeal, but failed to file brief. The cause, therefore, will be considered under court rule No. 39, as presented in the brief filed by appellee.

[2] The following are the facts: On February 4, 1920, R. L. Brown executed a note for $8,000, payable to First State Bank of Wylie, appellant, and to secure the same executed a deed of trust dated March 4, 1920, on the lands involved herein. This note and deed of trust were by appellant transferred to John M. Wright, who filed suit thereon against Brown February 17, 1921, and obtained judgment July 4, 1921, for his debt with foreclosure of the lien of the trust deed upon the lands involved.

Appellant, as assignee of the First State Bank of Lavon, Tex., became the owner of another indebtedness against Brown on which it filed suit January 4, 1921, and caused an original attachment to issue, which was on the same day levied on the lands involved herein, and judgment in this cause was rendered on June 28, 1922, in favor of appellant against Brown for the debt, foreclosing the lien of attachment on the lands.

Wright was demanding his money and threatening to have the land sold under the decree of foreclosure, and, in order to prevent the sale, Brown borrowed from appellee $6,524.18, which, with other available funds, enabled him to settle with Wright and prevent judicial sale of his lands. In borrowing the money from appellee, Brown represented that it was to be used to pay Wright and to prevent the sale of his lands, and agreed with appellee that it should have as security the same lien and claim held by Wright as security, and that he would cause proper transfers to that effect to be executed by Wright, which, however, was never done. Appellee furnished the money to Brown on the distinct understanding that it should be subrogated to the lien and claim of Wright under the trust deed and decree for foreclosure.

Appellee filed this suit on September 2, 1922, against Brown and the appellant, and, on the same day, filed lis pendens notice in accordance with the statute. Subsequent to this date, and on September 5, 1922, appellant caused the land to be sold under its judgment obtained against Brown on June 28, 1922, and became the purchaser of the land at this sale.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In addition to the lis pendens notice above mentioned, appellee at the sale of the land by the sheriff, gave notice to all prospective purchasers of its rights, claiming a superior lien on the land by reason of the subrogation agreement hereinbefore stated. The question for our decision is whether the lien by subrogation claimed by appellee is superior to the attachment lien, of appellant. The trial court reached that conclusion, and, in our opinion, its decision was correct.

[3, 4] The doctrine of subrogation originated in equity, and is the procedure by which the equitable rights of one person are worked out through the legal rights of another. Subrogation exists by operation of law, when one having a liability or owning an interest, or occupying a fiduciary relation in the premises, pays the debt of another under such circumstances as in equity he will be deemed entitled to the security or obligation held by the creditor whose claim has been paid. This is known as legal subrogation. Subrogation also exists where one pays the debt of another as the result of an agreement, expressed or implied, with the creditor and debtor, or either, to the effect that the prior lien shall be kept alive for his benefit, and, in such a case, equity will substitute the person so paying to the place of the original creditors so far as is necessary to enable him to enforce the security for his reimbursement.

The doctrine invoked in the case at bar is that of conventional subrogation, based as it is upon an agreement made between appellee bank and R. L. Brown, the judgment debtor, when the money was advanced to pay Wright and prevent sale of the land under the decree of foreclosure.

The rules of law applicable to the case are announced in 25 R. C. L. § 24, pp. 1340, 1341, as follows:

"The generally accepted view at the present time, however, is that it is not necessary that there should be an express agreement that the prior lien shall be kept alive for the benefit of one advancing money to pay it, or that it be assigned, but if, from all the facts and circumstances surrounding the transaction, it is clearly to be implied that it was the intention of the parties that the person making the advance was to have security of equal dignity and position with that discharged, then equity will so decree. In such cases equity, speaking from the standpoint of good conscience, substitutes the person so paying the debt to the place of the original creditor so far as to enable him to enforce the security for the purpose of reimbursement. * * *" Page 1340.

We also have the following statement of the rule:

"The fact that one paying a senior lien may have known of the existence of a junior lien will not, however, defeat his right to subrogation, provided, of course, he had an agreement for subrogation, although the senior lien is discharged. On account of this agreement equity simply assigns this security to him." Page 1341.

In the case of Dillon v. Kauffman, 58 Tex. 696, the doctrine announced by the Supreme Court, as stated in a syllabus, is as follows:

"One who is induced to pay a debt secured by deed of trust, for the benefit of copartners who owned it, under circumstances showing that it was intended that he should be entitled to the benfit of the security afforded by the trust deed, will be subrogated to the rights of the original creditor before payment, and to the security; nor is this right of subrogation affected by the fact that the trustee named in the trust deed executed a release to the original debtor at the time of payment."

This doctrine of conventional subrogation just stated has been uniformly adhered to in the decisions of the courts of last resort of this state. The following are some of the leading cases announcing this doctrine: Whiteselle v. Texas Loan Agency (Tex. Civ. App.) 27 S. W. 309; Warhmund v. Merritt, 60 Tex. 24; Bonner Memorial Home v. Colin County National Bank, 57 Tex. Civ. App. 313, 122 S. W. 430; Miller v. Guaranty Trust & Banking Co. (Tex. Civ. App.) 207 S. W. 642; Frank v. Deegan (Tex. Civ App.) 204 S. W. 471; Harrison v. Bank (Tex. Com. App.) 238 S. W. 210.

In view of the facts, and in the light of the authorities, it is our opinion that the judgment rendered by the court below should be affirmed; and it is accordingly so ordered.

Affirmed.

---

⚖⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes