## KIRK v. COLLIER.
### No. 3423.

Court of Civil Appeals of Texas. Amarillo.
June 4, 1930.

Rehearing Denied June 25, 1930.

Harney & Buckley, of Borger, for appellant.

H. H. Smith, of Panhandle, for appellee.

RANDOLPH, J.

This suit was filed in the county court by appellee as plaintiff against appellant as defendant, to recover the sum of $445.93 balance due and owing upon. an account for goods, wares, and merchandise sold to the defendant by the Continental Oil Company. The substantial allegations of plaintiff's petition are that the sale of the goods, etc., by the Continental Oil Company was made to the defendant; that the plaintiff acted as agent for the said oil company in the sale of the same to the defendant; that the plaintiff and the oil company had theretofore entered into a contract whereby plaintiff was the employee of said company and in which contract it was provided that, should the plaintiff, during the life of such agency, give or extend credit to the purchasers of goods, wares and merchandise, he must be and become surety upon all accounts for such goods, etc., so sold by him to such purchasers in excess of certain fixed credit allowances, such credit allowance to be fixed in each individual case by said oil company, and that, should the plaintiff extend credit as aforesaid, he thereby became a surety and guarantor for the prompt payment of all accounts for such goods so sold; that the account so sold defendant was largely in excess of such credit allowance made to the defendant, and the defendant failed and refused to make prompt payment of said account, and the plaintiff as such surety and guarantor became liable to pay, and on demand of the oil company did pay, the aforesaid account to said company, and that the defendant thereupon became liable to the plaintiff by reason of his subrogation to the rights of the oil company for the payment of the said account, but that the defendant has wholly failed and refused to pay said balance of account.

The defendant filed his answer, which consists of two general demurrers, a general denial, and a special answer, which special answer pleaded payment of all balances and amounts due the Continental Oil Company and pleaded overpayment in excess of $500, but not praying for the recovery of such excess payment.

On trial of the case, it was submitted to the court without the intervention of a jury, and the court rendered judgment for the plaintiff as prayed for, and defendant appeals.

■ The defendant complains of the overruling of his general demurrers. There is no basis for this charge of error. The plaintiff's petition is sufficient and shows a good cause of action. The fact that the plaintiff does not allege that defendant had notice of the relationship existing between the plaintiff and the Continental Oil Company is not a necessary allegation of his petition to entitle the plaintiff to recover on the account

which he paid off and which he was entitled and required to do in order to become entitled to recover from defendant. If the defendant incurred the indebtedness or owed the account to the Continental Oil Company, that company had the right to assign and transfer the account to any purchaser it chose, and this without notice to the defendant. This is true also of the plaintiff's right to pay off the oil company's claim under the contract between him and the company. We can see no reason why the plaintiff could not protect himself by buying the account of which he was a guarantor and this right existed without reference to the question of notice to the defendant. A party who is compelled to pay a debt to protect himself or to fulfill a secondary obligation resting on him is subrogated to all the legal rights vested in the holder of the indebtedness as against the original debtor. First Bank of Wylie v. Farmers' & Merchants' National Bank (Tex. Civ. App.) 262 S. W. 225; Galbraith-Foxworth Lumber Co. v. Long (Tex. Civ. App.) 5 S.W.(2d) 162; American Surety Co. v. North Texas National Bank (Tex. Civ. App.) 14 S.W.(2d) 88; Galles & Bowie v. Alarcon (Tex. Civ. App.) 145 S. W. 634; 37 Cyc. 402, 406, E.

■ The defendant's objection to the introduction of the contract between the plaintiff and the Continental Oil Company cannot be sustained. Neither can his objection to the receipt from the oil company for the payment by the plaintiff as surety of the account due and owing by the defendant to the oil company. They are evidentiary and are not the cause of action. The cause of action is the itemized account.

The evidence shows that the account was incurred by the defendant, and, the court having found the facts based on the evidence, we have no authority to disturb his findings. We therefore overrule all the appellant's assignments and propositions, and affirm the judgment of the trial court.