Lathrop *v.* Wilson.

HIRAM LATHROP *v.* JOHN L. WILSON.

*Principal and surety.*

The legal presumption is, that those affixing the word "*surety*" to their signatures to a contract, are merely sureties, and those to whose names no such addition is made, and who sign before others, to whose names the word surety is affixed, are principals.

But this presumption is not conclusive, and the real relation of the parties may be shown.

One can not make himself surety for another upon a written contract, *as between themselves,* wthout the latter's request or knowledge.*

ASSUMPSIT for money paid.    It appeared on trial, that the plaintiff had paid a judgment rendered against himself, the defendant, and one Burnham, in favor of one Stevens, together with certain charges of the officer for the expenses of keeping the property attached in said suit.    This judgment was recovered upon a contract signed by the defendant, Burnham, and the plaintiff, their names being affixed thereto in that order, and the word surety being placed after the names of both Burnham and the plaintiff, but not after that of the defendant.    Said contract was dated March 5, 1853, and was an agreement to pay to Rufus H. Hyde, or any other person, two hundred dollars, on condition of his becoming bail in one thousand dollars for Nathaniel Jessup, describing the charge against him, as hereafter stated.    Previously to the date of this contract, Jessup had been committed to jail for dealing in counterfeit money, and his bail fixed at one thousand dollars.    Burnham was jailer at that time, and took the most active part in an attempt which was made to raise the amount of the bail for Jessup.    Burnham took of Jessup a deed of some land, worth three hundred and twenty-five dollars, as part security for the bail; one Godfrey paid fifty dollars, and the plaintiff, defendant, and Burnham, signed the contract above described, as other funds or securities for that purpose.

Burnham took a note from Jessup to the defendant, for three hundred dollars, with the defendant's knowledge and by his consent, but

---

* *Aliter* as between the *creditor* and the surety, though the latter may have become surety without the knowledge and request of the principal; *Peake* v. *Est. of Dorwin,* 25 Vt. 28.   REPORTER.

this note had always remained in Burnham's hands, not regarded by the defendant as of any value.

It further appeared that the plaintiff signed the contract of March 5th, 1853, above described, at Burnham's request, when the defendant was not present. When the defendant signed it, it did not appear that there was anything said between the defendant and Burnham that others would sign it; but afterwards, and before the plaintiff signed, Burnham told the defendant that the plaintiff had been furnishing instruments to Jessup to break jail with, and that he (Burnham) would make the plaintiff sign.

Stevens became recognized for Jessup at the request of Leslie & Dickey, they indemnifying him, and Leslie & Dickey took from Burnham such securities as he had obtained, to wit: the land, this paper of March 5th, 1853, and other securities which were raised, all of which were exhausted in paying up Jessup's bonds, which were forfeited.

When the plaintiff paid the Stevens judgment, Burnham was, and ever since has been insolvent.

The defendant defended the suit on which this judgment was obtained, and expended time and money for necessary expenses therein.

It further appeared, that whether the defendant was to be regarded as principal or surety in the transaction for Burnham or Jessup, he stood in the same relation to them that the plaintiff did.

The county court, UNDERWOOD, J., presiding,— upon these facts, rendered judgment for the plaintiff to recover of the defendant one-half the amount he so paid, after deducting one-half of what the defendant had expended in defending the Stevens suit. Exceptions by the plaintiff.

*C. W. Clarke,* for the plaintiff.

*Ormsby & Farnham,* for the defendant.

The opinion of the court was delivered by

POLAND, J. The contract or note signed by the plaintiff, the defendant, and Burnham, was upon its face an attempt by all the signers to aid Jessup to get bail, and to secure some one for becoming his bail.

Lathrop v. Wilson.

The word *surety*, being added after each of the names of the plaintiff and Burnham, and the defendant's name being first upon the instrument, and with no such addition to his name, we think the legal presumption would arise from the paper alone, that as between the parties, the defendant was principal, and the plaintiff surety for him. But this was not by any means conclusive, and the real purpose and object of the paper, and the real *relation* of the parties, might be shown, notwithstanding the addition of surety to the plaintiff's name. The evidence showed, as appears by the exceptions, that the plaintiff did not sign the paper by the request of the defendant, but at the request and procurement of Burnham, and it would seem that he was in a measure induced to sign it on account of his connection with Jessup.

We think the plaintiff could not make himself the defendant's *surety*, without any request, and without his knowledge even. But the question was wholly one of fact, for the county court to find, and they have found that the plaintiff and the defendant both stood in the same relation upon the note, which we suppose to mean, that they were either both joint *principals*, or joint *sureties*, for Burnham or Jessup; in either event, the one paying the whole, could only recover a *moiety* of the other.

It does not appear but that the county court gave all proper legal force to the addition of *surety* to the plaintiff's name, and we see no reason to doubt that its *prima facie* effect was fully overcome by the proof in the case.

The judgment of the county court is affirmed.