S. P. GIST ET AL. V. C. M. FEITZ ET AL.

FILED JANUARY 3, 1895. No. 6200.

1. **Principal and Surety.** The relation of principal and surety may exist without the knowledge or consent of the principal, provided it is voluntarily assumed by the surety for the accommodation of the beneficiary and based upon a sufficient consideration.

2. ———: NEGOTIABLE INSTRUMENTS: FRAUD. In an action on a note by the payee against two makers, one answered alleging that he was surety thereon for the other, that he was induced to sign said note by means of the representations of the plaintiff to the effect that he had been requested by the principal to become surety for him, the principal, but that such statement was wholly false, and made for the purpose of fraudulently inducing him to become a party to said note. *Held*, To state a defense.

3. **Evidence** examined, and *held* to sustain the judgment complained of.

ERROR from the district court of Richardson county. Tried below before BUSH, J.

*Isham Reavis, C. F. Reavis,* and *E. W. Thomas,* for plaintiffs in error, cited: 5 Wait, Actions & Defenses, 202; *Hughes v. Littlefield,* 18 Me., 400; *Powers v. Nash,* 37 Me., 322; Brandt, Suretyship, secs. 107, 311; *Talmage v. Burlingame,* 9 Pa. St., 21; *Peake v. Estate of Dorwin,* 25 Vt., 28; *Carter v. Jones,* 5 Ired. Eq. [N. Car.], 196; *Elkinton v. Newman,* 8 Harris [Pa.], 281; *Graves v. Lebanon Nat. Bank,* 19 Am. Rep. [Ky.], 50; Baylies, Sureties, 224; *Moies v. Bird,* 11 Mass., 436.

*Frank Martin, contra.*

POST, J. ·

This was an action by the plaintiffs below, who are also plaintiffs in error, against Fred Stoll and one Feitz, as

joint makers of a promissory note. Feitz made default in the district court for Richardson county, but Stoll, the defendant in error, answered, admitting the execution of the note, but alleging, in substance, that his signature thereto was procured by means of the false and fraudulent representations of the plaintiffs, to the effect that Feitz, the principal maker, and who had received all of the consideration therefor, had requested him, Stoll, to sign the same as surety for the said principal; that, relying upon said statements, and being willing to accommodate Feitz, he signed said note as surety for the latter, but that such statements were false and made for the purpose of fraudulently procuring his signature, etc. In the reply it is admitted that the note was signed by the answering defendant as surety, some time subsequent to the execution thereof by Feitz, the principal; but the alleged false state-ments are in express terms denied. It is charged therein, also, that the note was executed by said defendant at the special instance and request of his co-defendant, Feitz, and for his accommodation. Final judgment was entered on a verdict for the defendant which it is sought to reverse by means of this proceeding.

The issues as thus stated fairly indicate the evidence of the respective parties. Feitz testified, in behalf of the defendant, that he refused to secure said note, or ask the latter to sign with him, and cautioned him (defendant) against signing the note, if requested to do so by plaintiff. He is, in that respect, corroborated by Stoll, who also testified that the sole inducement for the execution of the note was the representation made by one of the plaintiffs, to the effect that Feitz had requested him to become surety thereon. The above is explicitly denied by the plaintiff named in the testimony of the witnesses, and who is, to some extent, corroborated by admitted facts of the case. It cannot be denied that a finding for the plaintiffs upon the evidence in the record would have been more satisfactory to us, al-

though it is not so clearly wrong as to demand a reversal of the judgment on that ground.

It is, however, argued by plaintiffs that privity between principal and surety is not essential to the liability of the latter, but that a creditor may obtain the undertaking of an entire stranger to the transaction as security, without even consulting the debtor. That proposition, it is true, has the support of respectable authority, and may for the purpose of this case be accepted as sound law (see Brandt, Suretyship, 127, 358; *Hughes v. Littlefield,* 18 Me., 400; *Talmage v. Burlingame,* 9 Pa. St., 21; *Peake v. Estate of Dorwin,* 25 Vt., 28), although it can have no application to the facts as found. In every case, we believe, which appears to support the foregoing proposition the surety voluntarily assumed the obligation sought to be enforced for the accommodation of the beneficiary; and the rule, as thus qualified, we regard as altogether sound and reasonable. In this instance it appears that Stoll was willing to accommodate the principal, who is a near relative, and that he signed the note in the belief that he was doing so at the request of the latter, and for his benefit. He did not, according to the finding, assume the relation of surety for Feitz on any other terms, or for any other consideration, certainly not for accommodation of the plaintiffs. We have no difficulty in agreeing with counsel in their contention that the facts, as found by the jury, are a complete defense to the plaintiffs' action. The judgment is therefore

AFFIRMED.