No. 21,973.

THE JOHN DEERE PLOW COMPANY, *Appellant*, v. J. F. LOSEY, *Appellee*.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Name Indorsed on Back Thereof—Indorser Not a Maker or Guarantor—Notice of Dishonor*. In the settlement with a creditor an indebtedness of a partnership composed of two persons was individualized, each partner giving a note for one-half of the indebtedness and securing it by a mortgage given on his individual property, and afterwards the creditor procured each partner to sign his name in blank on the back of the note given by the other in settlement of the debt. In an action brought on the indorsement, it is *held*, under the negotiable-instruments act, that the placing of defendant's signature on the back of the note did not indicate he was a maker, or guarantor, but that his liability was that of an indorser, and then only liable in case notice of dishonor was given him, as the act prescribes.

Plow Co. v. Losey.

2. SAME—*Notice of Dishonor—Conflicting Evidence.* The evidence is in conflict as to whether or not notice was given or· mailed to defendant, and the finding of the jury in favor of defendant is conclusive that the required notice was not given.

Appeal from Clark district court; LITTLETON M. DAY, judge. Opinion filed March 8, 1919. Affirmed.

*Robert C. Mayse,* of Ashland, for the appellant; *Gardiner Lathrop, Thomas R. Morrow, John M. Fox, Samuel W. Moore,* and *T. H. Reynolds,* all of Kansas City, Mo., of counsel.

*W. W. Harvey,* of Ashland, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the John Deere Plow Company against J. E. Losey to recover on an obligation arising from the signing of his name on the back of a promissory note for a thousand dollars, but the verdict of the jury was in favor of the defendant.

On this appeal the plaintiff contends that defendant was primarily liable on the note as a maker or guarantor, and not as an ordinary indorser, and that therefore its demurrer to the evidence should have been sustained.

It appears that the defendant and one Clute were partners in the implement business and had become indebted to the plaintiff for more than two thousand dollars. In a settlement made with the plaintiff this indebtedness of the firm was individualized, each party assuming one-half of it. Clute and his wife signed a note for a thousand dollars, and gave a mortgage on their property to secure its payment. Losey and his wife executed another note of· a thousand dollars, and mortgaged their own property to secure its payment. The partnership property was not included in the mortgages, and the wives of the parties were not members of· the firm. There is testimony to the effect that it was agreed that the indebtedness should be changed from partnership to individual liabilities, and that sometime after the execution and delivery of the individual notes and mortgages the agent of the plaintiff returned and requested defendant to sign his name in blank on the back of the Clute note, saying that it would enable him to use the paper

26—104 KAN.

to better advantage, and the indorsement was so made. Shortly after this transaction defendant purchased Clute's interest in the business. The defendant paid the note executed by himself, but Clute failed to pay his note, and plaintiff sought to enforce the same against the defendant.

Was defendant primarily liable, or only liable as an indorser, and if the latter, was notice of dishonor given as the law requires? The action is brought upon the indorsement placed on the back of the. note, and not on the original partnership obligation. The note was executed and the indorsement made thereon after the negotiable-instruments act became effective, and the liability of the defendant upon the indorsement must be determined under the rule of that act. It provides that:

. "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." (Gen. Stat. 1915, § 6590.)

There were no words in the indorsement in question indicating that defendant intended to bind himself as maker, or in any capacity other than indorser. In the case of *Farnsworth v. Burdick*, 94 Kan. 749, 147 Pac. 863, the capacity in which a payee named Wheeler indorsed a note was under consideration. He had written over his signature a statement that he assigned it to a certain indorsee on a named day. In the decision it was said:

. "When Wheeler placed his name on this note, he did not do it as maker, drawer, or acceptor, . . . unless the word 'assign' used by him indicates his intention to be bound in some other capacity." (p. 753.)

It was held that the word "assign" did not have that effect, and that Wheeler should be regarded as an indorser. Under the negotiable-instruments act, the defendant must be regarded as an indorser, and his liability therefor depends on whether notice of dishonor was given as the act prescribes. A witness testified that a protest was prepared which he acknowledged, and he believes it must have been mailed to defendant, but this belief was based on the fact that it is a custom of the bank to send indorsers notices of dishonor. He stated, however, that he had no recollection of presenting the note for payment to either the maker or indorser, and no

recollection of placing a notice in the mail, and there was no record in the bank relating to the kind of notice that was given, or whether any notice was given to any one of the parties.

The question of the giving or the mailing of notice was contested, and the defendant's testimony is that no notice was received by him. The act provides, it is true, that "where notice of dishonor is duly addressed and deposited in the post office, the sender is deemed to have given due notice, notwithstanding any miscarriage in the mails." (Gen. Stat. 1915, § 6633.) Here, however, there is a lack of proof that the notice was actually addressed and placed in the post office. At least it became a question of fact whether the required notice was ever addressed to defendant, or deposited in the post office, and the jury found (as they were at liberty to do upon the evidence) that no notice was transmitted.

The judgment is affirmed.