KROTINE ET AL. *v.* LINK ET AL.

(Decided May 12, 1930.)

*Mr. Wm. M. Durkin* and *Mr. Robert M. Morgan,* for plaintiffs in error.

*Mr. H. J. McGinness* and *Mr. David Perris,* for defendants in error.

VICKERY, P. J.   This action comes into this court on a petition in error to the common pleas court of Cuyahoga county.   The issues to be determined are very narrow, and it will be necessary to recite previous litigation between these same parties on the same subject-matter in the municipal court of the city of Cleveland, for, when the suit was brought upon this claim in the common pleas court, an answer was filed, which, among other things, set up a plea of *res judicata,* alleging that the same issue between the same parties had been adjudicated in the municipal court and a judgment entered in favor

of the defendants in that action; that no error from that action had been prosecuted, nor had it in any way been vacated or affected by any subsequent ruling of either the same court or a reviewing court, and therefore the plaintiffs in this action were not entitled to maintain the action.

By agreement of parties this issue was tried first, for, if the plea set up in the answer was true, there would be no use in going into the other questions involved in the lawsuit.

The court having found for the defendants on the issue of *res judicata,* which resulted in a dismissal of the plaintiffs' petition, error is prosecuted to this court.

It therefore devolves upon this court to determine whether the municipal court, in the same case between the same parties, had jurisdiction over the subject-matter.

It seems that the plaintiffs in the action in the common pleas court and the municipal court had paid an obligation of another, under such circumstances that they would be entitled to be subrogated, so that an action could be maintained against the defendants below, and the action was really one to *recover money based upon* a right growing out of subrogation. The amount involved being less than $2,500, the limit of jurisdiction of the municipal court, the plaintiffs in that action, and in this, brought suit in the municipal court, setting up their claims in a statement of claim. A statement of defense was filed after service was had upon the defendants below.

The plaintiffs introduced evidence sustaining their contention, and, after conclusion of the plaintiffs'

testimony, a motion was made by the defendants to dismiss the petition on the ground of want of jurisdiction. Whereupon it seems that, after the court had announced its decision, the plaintiffs sought to dismiss their action without prejudice, which motion was overruled and a judgment entered for the defendants.

Now no error was prosecuted to, nor was any appeal taken from, that judgment, but it remained in full force and 'effect in the municipal court, and the suit in the common pleas court by the same plaintiffs was based upon the theory that, although plaintiffs had invoked the jurisdiction of the municipal court, inasmuch as it was a claim for subrogation the municipal court had no jurisdiction of such matters, and, therefore, whatever judgment it might have entered was null and void and of no effect, and, therefore, they did not have to prosecute error, but could bring a separate and distinct action for the same cause of action in a court which they assert had, and which no doubt did have, jurisdiction.

The questions to be determined are whether the municipal court had jurisdiction in the original suit, and whether the plaintiffs, having invoked that jurisdiction, and carried the case through to a judgment, could thereafter, even if the court did not have jurisdiction, ignore the action of the court which they had invoked and treat it as null and void and bring another action.

We do not think that it will be necessary to determine the rights of the parties under the last-mentioned ground. We cannot help but think that the pleader for the plaintiffs in both courts has mistaken the matter in question. It is argued that

this is an equitable matter, and that the municipal court does not have general equitable jurisdiction, but only such equity jurisdiction as is necessary to carry out the decrees and orders of its own court. Whether this be true or not, in face of the decision of the Supreme Court in the case of *Commonwealth Oil Co.* v. *Turk,* 118 Ohio St., 273, 160 N. E., 856, in which the Supreme Court held that the municipal court had *chancery* jurisdiction, it may be questioned. Of course, the Supreme Court in that case limited the case to the sections of the statute to which it referred, and in which counsel for plaintiffs in this action admit the municipal court did have jurisdiction, but we think that learned counsel has confused the right to enforce an action for money only which *grew out* of the right of subrogation with the right to enforce subrogation in a court of equity. In other words, the action in the municipal court was for money only, but the right to recover that money grew out of a right of subrogation. It was in no sense an action in subrogation. It was an action for money based upon a right of subrogation.

It is admitted by the learned counsel in argument and in their briefs that had there been an *assignment* of this right the assignee could have recovered in his own name; that is, if there had been an actual assignment of the rights. Well, now, subrogation and the rights under subrogation are by assignment by operation of law. Whenever a man pays the debt of another under such circumstances that he is entitled to be subrogated to the creditor's place, he becomes an assignee in law of the right to whatever the creditor had the right to, and, if he is compelled to pay, he is entitled to bring an action to recover

money, which is based upon the right growing out of subrogation and is in no sense an action to *enforce* subrogation in a court of equity.

Let me illustrate: Where it is necessary to *compel* rescission of a contract, it perhaps is necessary to go into a court of equity to get the relief asked; but, suppose there has been a rescission of the contract by the party who has paid money under it, and he brings a suit for money only to recover the money that becomes due to him by reason of the rescission, then that is not an action in equity. It is an action at law to recover money that grew out of a rescission. And it is the same way with subrogation. It is not an action in equity. It is an action to recover money only, and the right to maintain the action to recover money only grows out of the right to be subrogated, but that in no sense makes it an action in subrogation so that it is equitable.

Now with that view of the case, the amount claimed being within the jurisdiction of the municipal court, the action was simply one for money only, and the right to recover was, of course, based on, and grew out of, subrogation; and if it is proved that the parties paid the debt to the creditor under such circumstances that they would be entitled to subrogation, they could sue for and recover in an action at law the amount that they had paid, and base their right to recover upon the doctrine that when the man had paid the debt of another under such circumstances that he would be entitled to be subrogated to the rights of the creditor equity assigned the right of that person to him and he could sue in an action at law, as the creditor might have sued. In other words, it is simply a right to recover that

money, and the reason why they had the right to recover that money was because of the *doctrine* of subrogation, and they do not have to go into a court of equity to do that.

As already pointed out, the action simply becomes one to recover money. Now that being so, the young man who brought this suit in the municipal court became unnecessarily frightened, and abandoned his rights in that court. Unfortunately, had he pursued the remedy that was allowed him to prosecute error, and had sought to dismiss his case without prejudice before the court had entered up a judgment, and that right had been refused him, the court would have abused its discretion, and it would have been reversible error, and he could have prosecuted error from that to this court, and, if the facts are as we conceive them to be, we could not have done other than reverse the judgment. But that judgment was rendered for the defendants, and no error was prosecuted from it, and so there stood in the way of the suit in the common pleas court a final judgment, unreversed, unmodified, by a court that had jurisdiction over the person and over the subject-matter. Consequently, when plaintiffs sought to bring an action in the common pleas court, a plea of *res judicata* was a complete and absolute defense, and the court of common pleas was right in rendering the judgment that it did in dismissing the plaintiffs' petition. Thus that court having committed no error in doing that, we can do nothing but affirm the judgment of the common pleas court.

*Judgment affirmed.*

SULLIVAN, J., concurs.
LEVINE, J., not participating.