### JAMES T. SNELL

*v.*

### ELBRIDGE O. WARNER.

PRINCIPAL AND SURETY—*proof of request by the former.* In an action by a surety, in an appeal bond, against his principal, to recover for money paid by the plaintiff for the use of the defendant, proof of the fact that the principal appeared in the appellate court and defended the suit in which the bond was given, will justify the inference that the surety signed the bond at the request of the principal.

APPEAL from the Circuit Court of DeWitt county; the Hon. THOMAS F. TIPTON, Judge, presiding.

One Wheeler recovered a judgment in the State of Missouri, before a justice of the peace, against James T. Snell and one Woodworth. The cause was taken, by appeal, to the circuit court, Woodworth and Snell signing the appeal bond as principals and Warner as surety. A judgment was rendered in the circuit court against Woodworth and Snell as principals and Warner as surety, in accordance with the statute of Missouri in relation to appeals in such cases, a part of which judgment Warner was compelled to pay. Warner brought this action against Snell to recover the money so paid by him, and recovered a judgment in the court below for the sum of $306.60. Snell appeals.

Mr. E. H. PALMER, for the appellant.

Messrs. FULLER & GRAHAM, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This case was before this court at the January term, 1871, and was then reversed on the ground of an error in the computation of the amount found to be due to the appellee. A

new trial was had on substantially the same evidence as was contained in the former record. In the former opinion, we said that "we perceive no error in any of the rulings of the court in the admission of evidence. The evidence offered was competent, and fully sustains the issues on the part of the appellee."

The single error now relied on to reverse the judgment is, that it nowhere appears in the record that there was any request on the appellee by Woodworth and Snell, or either of them, to sign an appeal bond for them, and that if the appellee voluntarily signed such bond, he can not make the appellant his debtor without such a request.

The objection is not well taken. It sufficiently appears from the evidence that the appellee signed an appeal bond for Woodworth and Snell, and, from the fact that they appeared in the appellate court and defended the suit, it will be presumed that they requested the appellee to sign the appeal bond for them. Having availed of the benefits of the appeal to procure a new hearing in the appellate court, it is an illiberal objection on the part of the appellant to say that he never requested the appellee to sign an appeal bond for him.

Under the statute of Missouri, a copy of which was given in evidence, in relation to such appeals, a judgment was rendered against Woodworth and Snell as principals, and appellee as surety, a part of which judgment appellee was compelled to and did pay, and there is no just reason why he should not recover the amount so paid from the appellant.

The instruction given for the appellee, to which exceptions were taken, states the law correctly as applicable to the facts of the case, and was proper. The one asked by the appellant and refused by the court, if given, could only have misled the jury on the issues involved, and was properly refused.

No material error appearing, the judgment is affirmed.

*Judgment affirmed.*