D. F. Vandeventer et al., Appellees, v. Lincoln Bailey et al., Appellants.

Gen. No. 8,903.

Opinion filed July 17, 1935. Rehearing denied October 1, 1935.

WHITMORE & WHITMORE, of Bloomington, for appellants.

WIRT HERRICK, of Clinton, COSTIGAN & WOLLRAB and STONE & WRIGHT, all of Bloomington, for appellees.

MR. JUSTICE ALLABEN delivered the opinion of the court.

The pertinent facts involved in this case are as follows: That J. Keenan's Bank of Le Roy, Illinois, was by direction of the auditor of public accounts obliged to close its doors. Before undertaking to liquidate its assets and to surrender its charter, or call a stockholders' meeting for such purpose, a contract was negotiated by the terms of which the Le Roy State Bank agreed to take over all of the assets of the Keenan Bank, and further agreed to liquidate all of its liabilities except those to the stockholders. In order to effect this contract plaintiffs appellees and others entered into a contract guaranteeing that the assets turned over to the Le Roy State Bank were sufficient to liquidate the indebtedness of the Keenan Bank. Had it not been for this guarantee the Keenan Bank would have been forced to liquidate. The contract was executed so far as the transfer of the assets was concerned, and the Keenan Bank ceased to do business as such. Subsequently the Le Roy Bank paid the indebtedness of the Keenan Bank. At the end of three years, and in accordance with the contract, the Le Roy Bank not having been able to realize from the Keenan Bank assets all of the money expended to pay the liabilities of the Keenan Bank, a suit was brought against the individual directors of the Keenan Bank who signed the contract as guarantors, which suit resulted in a judgment for $71,042.74, on June 7, 1930. One-half of this judgment was finally paid by D. F. Vandeventer, one of the guarantors, and the other half by the heirs at law of Charles J. Null, another guarantor. The undisposed assets of the Keenan Bank, which were approximately $1,600, were turned over to plaintiffs appellees. Plaintiffs appellees then brought suit against defendants

appellants, and other stockholders of the bank to attempt to enforce their constitutional and statutory liability as stockholders of the Keenan Bank, alleging that plaintiffs appellees were creditors of the Keenan Bank to whom the stockholders were liable. Defendants appellants interposed a general and special demurrer to the bill, which the court overruled, and defendants appellants thereupon filed their several answers in which they denied that the indebtedness which plaintiffs appellees sought to recover was indebtedness of the Keenan Bank, and averred that it was in fact an independent obligation, and that plaintiffs appellees were not creditors of the Keenan Bank.

On December 3, 1934, the trial court entered its decree finding that the plaintiffs appellees were entitled to recover from the defendants appellants the several sums of money representing the par value of the shares of stock held by them in the Keenan Bank, and therein entered judgment for plaintiffs appellees. From this decree defendants appellants appeal, contending that plaintiffs appellees have not shown that they were creditors of the Keenan Bank, which is necessary under the constitution and law of this State, to sustain the decree which was entered; that the facts show no right of subrogation; that stockholders' liability imposed by the constitution and law of this State is limited to obligation of the bank contracted in the ordinary course of business, and that to construe the contract as a guarantee by the Keenan Bank of its assets would make the contract ultra vires.

Defendants appellants' chief contention is that plaintiffs appellees are not creditors of Keenan Bank because the indebtedness which was paid by them was not an obligation of the bank or for its benefit, and as stated by defendants appellants, this contention is allegedly based upon the case of *American Nat. Bank v. Holsen*, 331 Ill. 622. The court held in that case, which, so far as the facts were concerned, closely parallels the

case at bar, that the bank which assumed the liabilities and took over the assets of the failing bank was not a creditor of the failing bank under that contract and, therefore, could not sue the stockholders of the failing bank. In the case at bar the Le Roy State Bank is not trying to enforce the liability of the stockholders of the Keenan Bank. This suit is brought by the guarantors against whom the Le Roy State Bank had obtained a judgment upon their guarantee.

It appears to us to be obvious from the facts in this case that in order to salvage for the Keenan Bank as much as possible from its assets the guarantors, plaintiffs appellees here, were induced to enter into the contract for the benefit of the Keenan Bank, and its stockholders who accepted the benefit of the guarantee, since it was obviously upon the strength of this guarantee that the Le Roy Bank was willing to undertake to liquidate the assets of the Keenan Bank and to pay all of its liabilities. It, therefore, logically follows that an implied agreement arose in favor of the guarantors which would afford them the right to recover back moneys which they had been compelled to pay by reason of their entering into the contract as guarantors at the instance of the Keenan Bank. (*Snell v. Warner,* 63 Ill. 176; *Scott v. Norton Hdw. Co.,* 54 F. (2d) 1047.) In the opinion in the *Holsen* case, cited by defendants appellants, we find the following language: ''If the transfer of the assets of the bank going into liquidation is an outright sale in consideration of the assumption of all its liabilities by the other bank, no debt is created, and no liability of stockholders exists, but, if the transfer is for the purpose of giving security for the repayment of money advanced, the liability of the stockholder attaches.''

In the case at bar, the language of the contract wherein the guarantors in consideration of the covenants and agreements of the other two parties guarantee that the assets taken over by the Le Roy Bank shall

satisfy the liabilities of the Keenan Bank reads, in part, as follows: "And do hereby fully guarantee said party of the first part that said assets so taken by it from said party of the second part shall be sufficient to liquidate the liability assumed by said party of the first part." This does not appear to us to be an unqualified assumption of the liability of the Keenan Bank so as to make such assumption tantamount to a sale. The words "liquidate the liability assumed" would tend to indicate a loan rather than a sale of the assets, and this, accompanied by the further provision of the contract that the Keenan Bank account was carried in a separate account under that name, and not in the name of the Le Roy Bank further supports that position. The guarantee incorporated in the contract clearly indicates to our minds that a complete satisfaction for the assumption of the liabilities of the Keenan Bank was not intended or anticipated by the transfer of its assets to the Le Roy Bank. In fact the terms of the contract further provide that at the end of a three-year period the guarantors upon demand will withdraw under the contract the assets not then liquidated and pay in cash sufficient to liquidate all remaining liabilities, and it is further significant we think that this whole arrangement was made before any steps were taken in the dissolution of the Keenan Bank.

As to the argument of defendants appellants that a right of subrogation is not shown it need only be said that since this court decides that the transfer of these assets was not a sale the right of subrogation would exist. The contention of defendants appellants that stockholders' liability can only be imposed where the obligation arose out of the ordinary course of business is, we think, without merit, since it cannot be successfully argued that the liabilities of the Keenan Bank, which the guarantors agreed to pay if not liquidated by the assets of the Keenan Bank, certainly grew out of the transactions of the Keenan Bank in the ordinary

course of business. Likewise, the further argument that the contract cannot be construed as a guarantee by the Keenan Bank of its assets because such action would be an ultra vires act is disposed of by the obvious fact that the guarantee was not made by the Keenan Bank, but by certain individuals who operated it.

For the reasons given the decree of the trial court is hereby affirmed.

*Decree affirmed.*